# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Ngoc Nguyen,<br><br>      Plaintiff<br><br>v.<br><br>Sam's West, Inc., a foreign corporation, d/b/a/ Sam's Club # 4983; DOES I through V, inclusive; and Roe Corporations VI through X, inclusive,<br><br>      Defendants | 2:15-cv-00649-JAD-PAL<br><br>**Order Denying Plaintiff's Motion for Remand and Request for Attorney's Fees**<br>[ECF 6] |

Plaintiff Ngoc Nguyen sues defendant Sam's West, Inc. (Sam's Club) for injuries she allegedly sustained in a slip-and-fall accident at a Sam's Club store.[1] Sam's Club removed this case from a Nevada state court based on diversity jurisdiction.[2] Plaintiff now asks me to remand this case back to state court arguing that the petition for removal was untimely. Because I find that Sam's Club's petition for removal was timely, I deny Nguyen's motion for remand and request for attorney's fees.[3]

## Background

On September 24, 2010, Nguyen filed this action in a Nevada state court.[4] Nguyen alleges that she sustained serious injuries when shopping at Sam's Club—she slipped on a grape near the produce section.[5] Nguyen served Sam's Club with process on January 6, 2015.[6] Nguyen seeks the

---

[1] ECF 1-2.

[2] ECF 1 at 3.

[3] I find this motion suitable for disposition without oral argument. Nev. L.R. 78-2.

[4] ECF 1-2.

[5] *Id.* at 3.

[6] ECF 1-1.

following damages in her complaint:[7]

- Loss of earning capacity, lost wages, and enjoyment of life in excess of $10,000;
- Medical and other treatments for injuries which may be permanent and disabling in excess of $10,000;
- General and special damages in excess of $10,000;
- Past and future medical expenses in a sum to be determined at trial;
- Pre-and-post-judgment interest;
- Reasonable attorney's fees and costs.[8]

Thus, from the face of the initial complaint, Sam's Club knew only that Nguyen was seeking damages in excess of $30,000. Sam's Club did not immediately seek removal.

On February 11, 2015, Nguyen served Sam's Club with a request for exemption from the court-annexed mandatory arbitration program for cases valued at less than $50,000.[9] Her request for exemption included a table showing her medical expenses accrued to date, which totaled $50,231.35.[10] The exemption request also included the following disclaimer: Nguyen's "treatment has been extensive and ongoing. Therefore, her total medical expenses have not yet been ascertained."[11] Thus, as of February 11, 2015, Sam's Club knew that Nguyen was seeking damages in excess of $70,231.35[12] plus attorney's fees and that her treatment was ongoing. Sam's Club did not then seek removal.

Nine days later, on February 20, 2015, Nguyen's lawyer informed defense counsel that Nguyen "has received injections, but . . . they did not improve her symptoms as she had hoped, so she will be receiving additional injections . . . she is still considering surgery, if the injections are not

---

[7] ECF 1-2 at 4–5.

[8] Section 1332(a)'s amount-in-controversy requirement excludes "interest and costs," but includes attorney's fees.

[9] ECF 1-7.

[10] The table shows expenses ranging from $845–$8,972 at 14 treatment providers. *Id.* at 3.

[11] *Id.*

[12] $50,231.35 in past medical expenses; damages in excess of $10,000 for lost wages; and general and special damages in excess of $10,000.

helpful to alleviate her symptoms."[13]  On March 5, 2015, the ADR Commissioner granted Nguyen's request for exemption from arbitration.[14]  Sam's Club still did not seek removal.

On March 30, 2015, Nguyen served Sam's Club with her early case conference (ECC) disclosures.[15]  These disclosures included a table almost identical to that contained in the request for exemption from arbitration, except that Nguyen's accrued medical expenses now totaled $53,746.99 as opposed to $50,231.35.  The ECC disclosures also included 299 pages of medical and billing records, some of which showed that Nguyen had been recommended for extensive future treatments, including surgery.[16]  Thus, upon receipt of the ECC disclosures, Sam's Club had notice that Nguyen was seeking damages in excess of $73,746.99 plus attorney's fees and had been recommended for future treatments, including surgery.  Nine days later, on April 8, 2015, Sam's Club filed a petition for removal, citing the ECC disclosures as the first "other paper" from which removability could be ascertained, triggering Sam's Club's 30-day window for removal under 28 USC § 1446(b)(3).[17]  Nguyen timely filed this motion to remand and request for attorney's fees.[18]

## Discussion

### A.     Motion to Remand

When a case is filed in state court between parties who are citizens of different states, and the case value exceeds $75,000, the defendant may remove the case to federal court.[19]  "Federal courts are

---

[13] Nguyen's counsel conveyed this information to defense counsel's assistant over the telephone. Defense counsel then sent a letter confirming the contents of that conversation to Nguyen's counsel. ECF 6-2.

[14] ECF 1-7 at 7.

[15] ECF 1-4.

[16] *Id.*

[17] ECF 1.

[18] ECF 6.

[19] 28 U.S.C. §§ 1332, 1441, 1446.

courts of limited jurisdiction."[20] Accordingly, there is a strong presumption against removal jurisdiction and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[21] The defendant always has the burden of establishing that removal is proper.[22] This burden is usually satisfied if the plaintiff claims a sum greater than the threshold requirement.[23] If the value of plaintiff's claim is unclear, the defendant must prove by a preponderance of the evidence that the jurisdictional amount has been met.[24] Defendants may rely on facts presented in the removal petition and any summary-judgment-type evidence that is related to the amount in controversy.[25] Conclusory allegations do not overcome the presumption against removal jurisdiction or satisfy the defendant's burden of proving the amount in controversy.[26] The defendant, however, does not need to predict the trier of fact's eventual award with certainty.[27]

**B.	Timeliness**

Section 1446(b) imposes two key deadlines on removability. When a case "stated by the initial pleading is removable on its face," section 1446(b)(1) gives a defendant 30 days from service of that pleading to file the petition for removal.[28] But, under section 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of an amended pleading, motion, or other paper from which it may first be

---

[20] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

[21] *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

[22] *Id.*

[23] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–99 (1938)).

[24] *Id.*; *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 395, 404 (9th Cir. 1996).

[25] *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

[26] *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal citations omitted).

[27] *Id.*

[28] 28 U.S.C. § 1446(b)(1); *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

ascertained that the case is . . . removable."[29] The two 30-day periods for removal in 1446(b) are not the exclusive periods for removal. Under section 1446(c), a defendant may "remove outside the two 30-day periods on the basis of its own information, provided that it has not run afoul of either of the 30-day deadlines."[30] In other words, as long as the defendant has not been given notice by the complaint or "other paper" that the case is removable, neither 30-day period starts to run and the defendant may remove at any time—except, in diversity cases, removal must be within the first year of the life of the case.[31]

C.    **Sam's Club's petition for removal was timely.**

Neither party argues that the amount-in-controversy requirement has not been met or that Nguyen's initial complaint was removable; rather, the parties dispute what constituted the "other paper" that triggered the second 30-day removal period. Nguyen argues that the "other paper" was the February 11 request for exemption from arbitration because, on that day, Sam's Club knew that: (1) Nguyen was seeking damages in excess of $70,231 plus attorneys fees and (2) that her treatment was extensive and ongoing.[32] Moreover, as of February 20, Sam's Club knew that Nguyen was considering surgery.[33] Nguyen further argues that Sam's Club should have known this case was removable because both it and defense counsel have successfully removed cases armed with far less information than that provided in the request for exemption.[34]

Sam's Club argues that it was not on notice of removability until it received the March 30, 2015, ECC disclosures. These disclosures were the first solid notice that future medical expenses are

---

[29] 28 U.S.C. § 1446(b)(3).

[30] *Roth v. CHA Hollywood Medical Ctr.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

[31] In cases where removal is based on diversity of citizenship, removal must be within one year from commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. 28 U.S.C. § 1446(c).

[32] ECF 6 at 3.

[33] *Id.* 3.

[34] ECF 11 at 5–12.

anticipated because the disclosures contain medical records showing specific treatment recommendations, including two procedures known to Sam's Club to cost more than $5,000.[35] According to Sam's Club, it could not have met its burden of proving that Nguyen's damages would exceed $75,000 by a preponderance of the evidence until it received these records.[36]

      Though Sam's Club focuses its argument on its perceived inability to satisfy its removal burden prior to receipt of the ECC disclosures, this is not the relevant inquiry. The Ninth Circuit has emphasized that "whether a defendant can establish that federal jurisdiction exists and the question of when the thirty-day time period begins are not two sides of the same coin."[37] Thus, while I disagree with Sam's Club's contention that it could not have met its burden of proving removability after receipt of the arbitration exemption or the February 20 communication—it easily could have—it was not then incumbent on Sam's Club to do so. I find that neither receipt of the arbitration request nor the February 20 communication triggered the 30-day removal period under section 1446(b)(3) because, even taken together, these documents, on their face, do not make it apparent that Nguyen's damages exceed $75,000.[38]

      In *Harris v. Bankers Life and Cas. Co.*, the Ninth Circuit held that "notice of removability under §1446(b) is determined through examination of the four corners of the applicable pleadings, not

---

[35] ECF 10 at 5–6.

[36] *Id.* at 7.

[37] *Kuxhausen v. BMW Fin. Serv.*, 707 F.3d 1136, 1141, n. 3 (9th Cir. 2013) (internal citations and quotations omitted).

[38] The Ninth Circuit has not directly considered whether informal correspondence can be considered an "other paper" under section 1446(b), but there exists some support in this Circuit for the proposition that the paper that triggers the 30-day period must be an official filing. *See e.g., Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 779 (9th Cir. 1994) (interpreting "other paper" to include a reply brief filed in a removed action, but not a consent decree filed in a related action); *Peabody v. Schroll Trust*, 892 F.2d 772, 775 (9th Cir. 1989) (holding that the 30-day period was not triggered by documents that were not made part of the state court record); *but see Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (recognizing that settlement letters may provide a reasonable estimate of a plaintiff's claim for removal purposes). Assuming without deciding that the February 20 confirmatory letter can constitute an "other paper" for section 1446(b)(3) purposes, the letter still did not affirmatively reveal that Nguyen's damages exceeded $75,000.

through subjective knowledge [of the defendant] or duty to make further inquiry."[39] The same analysis applies to notice of removability under section 1446(b)(3). The second 30-day window is not triggered until the defendant receives the first "other paper" "from which it can be ascertained *from the face of the document* that removal is proper."[40] While the statute requires defendants to apply a reasonable amount of intelligence in ascertaining removability—like adding or multiplying figures in a complaint—"defendants need not make extrapolations or engage in guesswork" to ascertain removability.[41]

When it received the request for exemption, Sam's Club was left to speculate as to whether Nguyen's damages would exceed the jurisdictional threshold. The request revealed only that Nguyen was seeking damages in excess of $70,231.35 (including $50,231.35 in medical specials) plus attorney's fees. While both the complaint and the request for exemption warned that Nguyen's treatment was extensive and ongoing, neither document specified what type of treatments she was receiving, how long these treatments were to continue into the future, or the estimated costs of any future treatments. Thus, these documents—even combined with counsel's representation that Nguyen was "considering" surgery at some unknown future date—did not affirmatively show that Nguyen's damages would exceed $75,000.

Nguyen's back-up argument that Sam's Club was on notice of removability based on it's litigation experience is not supported by the case law. The Ninth Circuit has explained that "[a] defendant's subjective knowledge cannot convert a non-removable action into a removable one so that the thirty-day limit . . . begins to run against the defendant."[42] Sam's Club's litigation experience—whatever that might be—does not trigger either 30-day removal period because its subjective knowledge has no bearing on when the 30-day removal period under section 1446(b)(3) begins to run.

---

[39] *Harris v. Bankers Life and Cas. Co.*, 425 F.3d at 694.

[40] *Id.* at 694 (emphasis added).

[41] *Kuxhausen*, 707 F.3d at 1140 (internal citations and quotations omitted).

[42] *Roth*, 720 F.3d at 1126.

In sum, I find that the Plaintiff's ECC disclosures were the first "other paper" that put Sam's Club on notice that this case meets the threshold for federal jurisdiction. Sam's Club's removal nine days later was timely.

**D.     Attorney's fees are not warranted.**

Nguyen requests an award of attorney's fees on the grounds that "[d]efendant untimely removed this case . . . and intentionally failed to disclose the information available to it" prior to the ECC disclosures.[43] Section 1447(c) provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Though the award of fees and costs is discretionary, the Supreme Court has clarified that, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."[44] Because I am denying Nguyen's motion to remand, her request for fees is also denied.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for remand and request for attorney's fees **[ECF 6] is DENIED.**

Dated this 27 day of August, 2015

_____
Jennifer A. Dorsey
United States District Judge

---

[43] ECF 6 at 8.

[44] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).